UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHARLES J. EVANS,

    Plaintiff,

v.

PAMELA J. HELTON, ROXANN E. EVANS/OLIVER, GARY J. COONEY,

    Defendants,

_____/

Case No.: 5:25-cv-00654-KCD-PRL

**ORDER**

This case is before the Court for consideration of pro se Plaintiff's motion to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

**I.    Background**

Plaintiff, acting pro se, initiated this case by filing a complaint in the Northern District of New York. Subsequently, Plaintiff filed an amended complaint (Doc. 3), and the case was transferred to this Court in the Middle District of Florida. (Doc. 5). As explained below, Plaintiff's claims appear to be either collateral or post judgment attacks on family law proceedings in state court in Lake County, Florida.

**II.    Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

### III. Discussion

A review of Plaintiff's amended complaint reveals that he brings the following claims against Roxann Evans (his former wife), Pamela Helton (an attorney), and Gary Cooney (Clerk of the Lake County Circuit Court): (1) a claim alleging unlawful practices of a family law court related to child support and alimony requirements allegedly imposed on Plaintiff; (2) a demand to eliminate alimony payments, payments impacting Plaintiff's retirement, and garnishment; and (3) a demand for damages, including $1 million in punitive damages. (Doc. 3). Plaintiff also references defamation, mental anguish and "mail threats." (Doc. 3 at 5). Plaintiff's claims all appear to arise directly from state court family law proceedings.

It appears that this Court lacks subject matter jurisdiction over Plaintiff's claims. Indeed, Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction. *Fox v. Fla. Dep't of Children & Families*, 828 F. App'x 639, 640 (11th Cir. 2020) (per curiam). "As a general rule, the federal courts refuse to hear suits for 'divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification.' " *Kirby v. Mellenger*, 830 F.2d 176, 177–78 (11th Cir. 1987) (per curiam) (quoting *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978)) (additional citations omitted).

Further, district courts lack jurisdiction over final state-court judgments under the Rooker-Feldman doctrine. Fox, 828 F. App'x at 640. The doctrine applies to

> cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." The doctrine applies not only to federal claims actually raised in the state court, but also to claims that were not raised in the state court but are inextricably intertwined with the state court's

> judgment. A claim is inextricably intertwined if it would effectively nullify the state-court judgment or if it succeeds only to the extent the state court wrongly decided the issues.

*Id.* (quoting *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009); citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)). Rooker-Feldman has been applied to, among other types of cases, those concerning child-custody and family law proceedings. *Fox*, 828 F. App'x at 640 (citations omitted). Plaintiff's claims in this case amount to an improper collateral attack on the state court proceedings. Exercising jurisdiction over this kind of collateral attack on state-court proceedings would require the Court to improperly interfere with either ongoing proceedings or final judgments entered by Florida's courts—exactly what the Rooker-Feldman doctrine is designed to protect against.

To the extent that the state court proceedings are ongoing, Plaintiff's claims are also barred by the *Younger* abstention doctrine. The abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971) "bars federal court intervention in state noncriminal proceedings where the proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Adams v. Florida*, 185 F. App'x 816, 816-17 (11th Cir. 2006) (per curiam) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). *See also Narciso v. Walker*, 811 F. App'x 600, 601-03 (11th Cir. 2020) (per curiam) (citing *Younger* in affirming the dismissal of a plaintiff's federal court challenge under 42 U.S.C. § 1983 to child custody proceeding pending in state court).

Further, Plaintiff's allegations are vague, conclusory, non-specific, and lack well-pled facts. In short, Plaintiff's allegations are far from sufficient to state a claim. Plaintiff's

complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Moreover, and significantly, Plaintiff has also not alleged any viable basis for claims under federal law or otherwise. Out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for his claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

**I.    Conclusion**

Accordingly, Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **December 8, 2025,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding pro se, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on November 6, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties