## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**CHARLES J. EVANS,**

       **Plaintiff,**

     **v.**

**PAMELA J. HELTON, ROXANN E. EVANS/OLIVER, GARY J. COONEY,**

       **Defendants,**

_____/

**Case No.: 5:25-cv-00654-KCD-PRL**

### REPORT AND RECCOMENDATION[1]

Plaintiff, Charles Evans, who is proceeding pro se, initially filed this action against Defendants Pamela Helton, Roxann Evans/Oliver and Gary Cooney by filing both an initial complaint and then later an amended complaint. (Docs. 1 & 3). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). Due to deficiencies in the amended complaint and in an abundance of caution, the Court took Plaintiff's motion to proceed in formal pauperis under advisement and provided Plaintiff with an opportunity to amend the complaint. (Doc. 10).

Plaintiff then submitted a second amended complaint naming the above defendants, and adding Jason J. Nimeth, a Circuit Judge for Lake County, Florida, as a defendant. (Doc. 11. Because Plaintiff has not cured the deficiencies in the original complaint and the second

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

amended complaint fails to establish a basis for this Court's jurisdiction, the undersigned recommends that Plaintiff's second amended complaint be dismissed.

## I.    Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the similar phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). To survive both section 1915 and Rule 12(b)(6) review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In short, to survive this initial review a plaintiff must

allege something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

## II.    Discussion

Plaintiff's second amended complaint consists of two pages of conclusory allegations presented in letter format to the undersigned, and an attached order entered by Judge Nimeth in Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida. (Doc. 11). As evidenced by Plaintiff's allegations and the attachment, Plaintiff's claims in this case arise from his dissatisfaction with apparently ongoing child support and alimony proceedings in state court.

Though hardly a model of precision, Plaintiff's second amended complaint alleges claims for emotional distress, mental anguish, defamation, as well as for "government overreach."  In a conclusory fashion and without any well-pled factual allegations in support, Plaintiff alleges bare bones claims for violations of civil rights, violations of due process, violations of fair debt practices, and related claims. (Doc. 11). Plaintiff's claims all appear to

arise directly from state court family law proceedings related to Plaintiff's alimony and/or child support obligations.

It appears that this Court lacks subject matter jurisdiction over Plaintiff's claims. Indeed, Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction. *Fox v. Fla. Dep't of Children & Families*, 828 F. App'x 639, 640 (11th Cir. 2020) (per curiam). "As a general rule, the federal courts refuse to hear suits for 'divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification.' " *Kirby v. Mellenger*, 830 F.2d 176, 177–78 (11th Cir. 1987) (per curiam) (quoting *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978)) (additional citations omitted).

Further, district courts lack jurisdiction over final state-court judgments under the Rooker-Feldman doctrine. Fox, 828 F. App'x at 640. The doctrine applies to

> cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." The doctrine applies not only to federal claims actually raised in the state court, but also to claims that were not raised in the state court but are inextricably intertwined with the state court's judgment. A claim is inextricably intertwined if it would effectively nullify the state-court judgment or if it succeeds only to the extent the state court wrongly decided the issues.

*Id.* (quoting *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009); citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)). Rooker-Feldman has been applied to, among other types of cases, those concerning child-custody and family law proceedings. *Fox*, 828 F. App'x at 640 (citations omitted). Plaintiff's claims in this case amount to an improper collateral attack on the state court proceedings. Exercising jurisdiction over this kind of collateral attack

on state-court proceedings would require the Court to improperly interfere with either ongoing proceedings or final judgments entered by Florida's courts—exactly what the Rooker-Feldman doctrine is designed to protect against.

To the extent that the state court proceedings are ongoing, Plaintiff's claims are also barred by the *Younger* abstention doctrine. The abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971) "bars federal court intervention in state noncriminal proceedings where the proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Adams v. Florida*, 185 F. App'x 816, 816-17 (11th Cir. 2006) (per curiam) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). *See also Narciso v. Walker*, 811 F. App'x 600, 601-03 (11th Cir. 2020) (per curiam) (citing *Younger* in affirming the dismissal of a plaintiff's federal court challenge under 42 U.S.C. § 1983 to child custody proceeding pending in state court).

Further, Plaintiff's allegations are vague, conclusory, non-specific, and lack well-pled facts. In short, Plaintiff's allegations are far from sufficient to state a claim. Plaintiff's second complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's second amended complaint does not contain a short plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding pro se, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Moreover, and significantly, Plaintiff has also not alleged any viable basis for claims under federal law or otherwise. Rather, the amended complaint appears to reallege the same

claims that are tantamount to an improper collateral attack on state court proceedings. Also, Plaintiff's claims against Judge Nimeth are barred by judicial immunity. Indeed, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' " *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir.2000) (citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir.1983). Here, Plaintiff's own allegations and the attachment to his complaint establish that the doctrine of judicial immunity applies.

Notably, Plaintiff was previously granted an opportunity to cure the deficiencies in the prior complaints. Plaintiff was advised:

> Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

(Doc. 10 at 5). Plaintiff was also thoroughly cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence, and he was directed to resources regarding proceeding in court without a lawyer. (Doc. 10 at 6). In other words, Plaintiff was given ample opportunity to cure the deficiencies in the complaint but has failed to do so.

## I.    Recommendation

Accordingly, and for the reasons explained above, I recommend that Plaintiff' motion to proceed in forma pauperis (Doc. 2) should be denied and the second amended complaint dismissed without prejudice. I further submit that allowing Plaintiff further opportunities to amend the complaint would be an exercise in futility.

Recommended in Ocala, Florida on December 19, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy